**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAIMER ADONYS AVILA ZELAYA, | ) | CASE NO. 4:26-cv-01073 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY GREENE, *et al.*, | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |

## I.    RELEVANT BACKGROUND

Before the Court is Defendants' motion to dismiss the Petition for Writ of Habeas Corpus filed by Petitioner Jaimer Adonys Avila Zelaya on May 7, 2026 (the "Petition").  (ECF No. 4; ECF No. 1).  Petitioner is a native and citizen of Honduras.  (ECF No. 1, PageID #2).  Around May 13, 2022, Petitioner entered the United States through its Mexican border without inspection.  (*Id.*).  Petitioner's asylum application has been pending with the United States Citizenship and Immigration Services since September 17, 2025.  (*Id.*).  As of April 18, 2026, Petitioner has been detained at the Mahoning County Jail located in Youngstown, Ohio after being apprehended at his residence.  (*Id.* at PageID #3).  Petitioner challenges his detention and seeks, *inter alia*, release from custody, or, in the alternative, a bond hearing within seven days.  (*Id.* at PageID #35).

On May 20, 2026, Defendants moved to dismiss the Petition.  (ECF No. 4).  Defendants argue that this Court lacks subject matter jurisdiction given that there is no longer a live case or controversy on whether Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a).  (ECF No. 4-1, PageID #101).  Defendants support its motion with a bond redetermination request and subsequent bond order which granted Petitioner's release from custody under a bond

of $20,000.00 and a condition of electronic monitoring. (ECF No. 4-2; ECF No. 4-3). On May 21, 2026, the Court ordered Petitioner to file a response to Defendants' motion to dismiss on or before close of business on May 27, 2026. (Order [non-document] dated 5/21/2026). The Court further noted that failure to do so would result in dismissal of the matter without further notice. (*Id.*). The deadline has elapsed, and Petitioner failed to respond as ordered. He also did not file a request for an extension of time to respond.

## II.      LEGAL STANDARD

Article III limits the jurisdiction of federal courts to ongoing "cases" and "controversies." *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). To invoke that jurisdiction, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision"—or more simply put, standing. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). But the injury attributed to the opposing party and the court's ability to redress it must persist throughout the life of the case. *Id.* at 477–78 (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). When the controversy dies—for example, the complainant's injury is redressed in some other way or the court loses the ability to redress it due to some intervening act—the case becomes moot and the federal court loses jurisdiction to hear it, thus requiring dismissal for mootness. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (explaining that a case becomes moot when the issues presented are no longer live or the parties lack a cognizable interest in the outcome). Establishing mootness requires satisfaction of a heavy burden. "[A] case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.' " *City of*

*Parma v. Cingular Wireless, LLC*, 200 F. App'x 423, 429 (6th Cir. 2006) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

### III.    DISCUSSION

The Court agrees that this matter is moot.[1]  Respondents indicate that Petitioner requested a bond hearing with the Immigration Court on May 12, 2026.  (*Id.* at PageID #101).  Respondents further indicate that Petitioner received a bond hearing on May 14, 2026, and the Immigration Court set a bond in the amount of $20,000 and required electronic monitoring.  (*Id.*).  In support, Respondents attach Respondents request for a bond redetermination and the subsequent bond order issued by the Immigration Court.  (ECF No. 4-2; ECF No. 4-3).  Nothing suggests that Petitioner is still detained at the Mahoning County Jail, and Petitioner did not oppose or otherwise respond to Respondents' motion to dismiss by the Court ordered deadline of May 27, 2026.  (Order [non-document] dated 5/21/2026).  Based on the foregoing, there is no longer a live controversy nor an injury that the Court may redress because Petitioner received the relief sought and has been released on bond.  Petitioner has presented nothing to rebut this conclusion and failed to file any response to the dismissal motion, notwithstanding the Court's admonition that failure to do so would result in dismissal.  Accordingly, the Petition is hereby **DISMISSED** as moot.

---

[1] The Court further agrees that Petitioner was entitled to a bond hearing under *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026).  According to *Lopez-Campos*, "[8 U.S.C.] § 1225(b)(2)'s mandatory detention scheme applies to certain noncitizens who seek admission into the country, whereas § 1226(a)'s permissive detention scheme applies to all other noncitizens pending a decision on their removability, with exceptions."  2026 WL 1283891, at *3.  Noncitizens "who did not attempt lawful entry into the United States . . . are not 'seeking admission' and are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme." *Id.* at *4.  As such, noncitizens who did not seek admission into the United States and who are already present in the United States can be detained "pursuant to only §1226(a)." *Id.* at *11.  An asylum applicant is likewise not "seeking admission" because asylum applications are not presented to an "examining immigration officer." *Id.* at *9.  Instead, "an immigration judge, who is expressly not an immigration officer" receives and reviews those claims. *Id.*  Petitioner falls squarely into the category of noncitizens identified by *Lopez-Campos* who can be detained only under § 1226(a).  Petitioner has lived in the United States continuously since he entered without inspection through the United States and Mexico border on or around May 13, 2022, and Petitioner's asylum application does not alter the authority under which he is detained.  (ECF No. 1, PageID #2).

**IT IS SO ORDERED.**

Date: June 16, 2026

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**